UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MUSTAFA TARIQ,                              )
                                           )
              Plaintiff,                   )
                                           )        Civil Action No. 02-0528 (RWR)
      v.                                    )
                                           )
DIRECTOR OF COURT SERVICES AND )
OFFENDER SUPERVISION AGENCY,   )
                                           )
              Defendant.                   )
_____ )

MEMORANDUM

Currently pending in the above-captioned case is defendant's Renewed Motion to

Dismiss Plaintiff's Amended Complaint [dkt no. 18].  For the following reasons,

defendant's motion is granted and the complaint is dismissed.

I.    **Background**

Since 1996, plaintiff Mustafa Tariq has worked as a drug testing monitor in the

Pretrial Services Division of the Court Services and Offender Supervision Agency (the

"Agency").  In 1997, Tariq's immediate supervisor, Michael Gunn, allegedly touched him

in a sexually inappropriate manner, but the "plaintiff rebuffed Gunn's advances."  Amen.

Compl. ¶ 8.  After this incident, Gunn began to reprimand him repeatedly for "non-

existent work rules violations."  Id. ¶ 9.  In the summer of 1999, Gunn threatened to fire

Tariq.  On August 23, 1999, Tariq filed an "Informal Grievance" with the Human

Resources Director to defend his conduct and challenge the validity of the reprimands.

Id. ¶ 10.

In March 2001, Tariq initially requested an accommodation for his disability due to a gunshot wound that left him partially paralyzed.  See Barbara Spencer Decl. ¶ 2 (Def's Second Mot. to Dismiss Ex. 1).  He asked to work only the early morning shift to allow time for rehabilitation and rest during the late afternoon and evening.  See Amen. Compl. ¶ 12.  The Agency did not grant his request.  On December 27, 2001, Tariq filed an administrative complaint for disability discrimination with the Agency's Equal Employment Opportunity Office.  On January 30, 2002, he amended his complaint to include a claim of retaliation.  On May 17, 2002, Tariq filed a separate complaint alleging claims of sexual harassment and hostile work environment.  On April 2, 2003, and June 10, 2004, the Agency issued two final decisions, dismissing all of Tariq's claims.  See, e.g., Pltf's Opp. to Def's Mot. to Dismiss, at 3.

On March 13, 2002, Tariq filed his initial complaint in this court.  On October 28, 2002, he filed an amended complaint, in which he named the Agency as the only defendant.  His amended complaint contains two claims: (1) Title VII retaliation and sexual harassment; and (2) disability discrimination in violation of the Rehabilitation Act.

## II.    Defendant's Motion to Dismiss

Defendant moves to dismiss Tariq's amended complaint on the ground that he failed to exhaust his administrative remedies before he filed suit in this court.  See, e.g., Brown v. GSA, 425 U.S. 820, 834 (1976).  To exhaust his administrative remedies,

plaintiff must initially file an administrative complaint with the Equal Employment

Opportunity office.  See 29 C.F.R. § 1614.106 (2006).  He subsequently may file a "civil

action" either (1) within 90 days of receipt of the agency's final action on the EEO

complaint; or (2) after 180 days of filing his EEO complaint if the agency did not issue a

final decision.  See 29 C.F.R. § 1614.407 (2006).

### A.    Plaintiff's "Informal Grievance"

An initial question is whether the "informal grievance" the plaintiff filed

constituted an EEO complaint for exhaustion purposes.  See Aug. 23, 1999 Informal

Grievance (Def's Supp. Mem. Ex. A).  If the Informal Grievance was an EEO complaint,

then plaintiff would have satisfied his exhaustion requirements.  Although the primary

purpose of the Informal Grievance was to dispute an unfavorable job review, it may be

reasonably inferred that it also states a claim for sexual harassment and retaliation.

Plaintiff argues that this document suffices as an administrative complaint under

federal law.  He claims that his employer in 1999 – the D.C. Pretrial Services Division –

was not a federal agency, and did not have an EEO department.  Pretrial Services became

a federal agency in the year 2000.  See Pltf's Response to June 13, 2006 Order, at 1.

Plaintiff's argument that D.C. did not have an EEO office is unsupported.  In fact, D.C.

agency employees who allege discrimination have an obligation to file a claim either with

the D.C. Office of Human Rights or the EEO office.  See D.C. Munic. Code Title IV; see

also 1-2 Employee Rights Litigation: Pleading and Practice § 2.03 (2005).  Plaintiff did

not do this.  Instead, he filed a complaint with the Director of Human Resources for

Pretrial Services.  Although this may have been appropriate if he wanted to contest an

unfavorable review from his employer, this is insufficient to lodge a formal

discrimination complaint within the meaning of Title VII.  See 42 U.S.C. § 2000e-5.[1]

Accordingly, his August 23, 1999 Informal Grievance was not an administrative

complaint for exhaustion purposes.

**B.**     **Exhaustion of Plaintiff's Administrative Claims**

All of defendant's EEO administrative complaints (filed on December 27, 2001,

January 30, 2002, and May 17, 2002) were less than 180 days before plaintiff filed his

civil action in this court on March 13, 2002.  Moreover, plaintiff failed to respond to this

court's request to brief the issue of whether his amended complaint, filed 180 days after

his first two administrative complaints, constituted a "civil action" for exhaustion

purposes and thereby waived this issue.  Therefore, the proper date for the 180-day

calculation is the date of his original complaint.

Plaintiff nevertheless argues that his claims were automatically exhausted 180 days

after he filed his administrative claims.  The Supreme Court's holding in McNeil v.

United States, 508 U.S. 106 (1993) precludes that argument.  There a pro se petitioner

filed suit against the Department of Health and Human Services (HHS) based on

---

[1]Plaintiff also argues that he relied on defendant's silence regarding the need to file
another complaint when Pretrial Services became a federal agency in 2000.  As recounted above,
this issue is irrelevant, because plaintiff did not initially file an EEO complaint; the plaintiff had
nothing to preserve.

4

allegations that HHS performed medical experiments on him when he was a prisoner.

Four months after he filed suit he filed an administrative complaint with HHS, which

dismissed it three weeks later.  The district court had not yet ruled, and petitioner notified

it that HHS dismissed his complaint.  The applicable statute required parties to exhaust

administrative remedies before filing suit in federal court.  Petitioner argued that,

although he filed suit in federal court first, he nevertheless exhausted his administrative

remedies when the Agency dismissed his complaint so that his federal suit should

proceed.

The Court rejected this argument.  Based on the statute's clear language, the Court

held that

> Congress intended to require complete exhaustion of Executive remedies
> before invocation of the judicial process.  Every premature filing of an
> action under the [statute] imposes some burden on the judicial system and
> on the Department of Justice which must assume the defense of such
> actions.  Although the burden may be slight in an individual case, the statute
> governs the processing of a vast multitude of claims.  The interest in orderly
> administration of this body of litigation is best served by adherence to the
> straightforward statutory command.

Id. at 112.  As a result, the Court ruled that even a pro se party must take some affirmative

act to reinitiate its civil action after administrative exhaustion is complete.

Similarly, here plaintiff did not take any additional affirmative action after his

administrative complaint was exhausted.  (As noted, he failed to brief the issue of

whether his amended complaint would have met the requirement to file "a civil action").

In short, plaintiff did not remedy his failure to exhaust, and accordingly his claims must

5

be dismissed.

### C.    Plaintiff's Retaliation Claims

Finally, plaintiff argues that, even if his retaliation claim was not exhausted, the exhaustion requirement is waived if the retaliation is reasonably related to and grows out of the alleged discrimination.  See Saksenasingh v. Sec'y of Educ., 126 F.3d 347, 352-54 (D.C. Cir. 1997).  "In order to establish a prima facie case of retaliation, a plaintiff must show: 1) that she engaged in a statutorily protected activity; 2) that the employer took an adverse personnel action; and 3) that a causal connection existed between the two." Mitchell v. Baldrige, 759 F.2d 80, 86 (D.C. Cir. 1985) (citations omitted).  The "statutorily protected activity" in this case is the 1999 Informal Grievance.  See Amen. Compl. ¶ 17.

For two independent reasons, plaintiff's argument is unavailing.  First, by plaintiff's own account, defendant did not begin to "retaliate" against him until nearly 18 months after the protected activity.  As plaintiff states, "[f]or nearly a year and a half while employed at Building B and Taylor Street, the defendant accommodated the plaintiff's medical condition by allowing him to work the early shift . . ." Id. ¶ 12.  As defendant argued, this length of time, as a matter of law, fails to meet the requirement that the protected activity and retaliation be temporally related.  See Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 274 (2001) (allegedly retaliatory "[a]ction taken . . . 20 months later suggests, by itself, no causality at all"); see also id. at 273-74 (citing with approval

6

cases finding three and four month lags insufficient to establish causality); cf. cases cited

by Reply at 4 n.3.   Plaintiff provides no legal argument in response.

Second, the policy reasons for allowing plaintiffs to pursue unexhausted retaliation

claims in some cases do not apply here.  According to cases cited by plaintiff, one reason

to permit unexhausted retaliation claims to proceed is because parties may be "gun-shy"

about filing additional complaints if they previously faced retaliation after lodging an

administrative complaint.  See, e.g., Nealon v. Stone, 958 F.2d 584, 590 (4th Cir. 1992).

Here, plaintiff is not gun-shy.  In addition to his 1999 Informal Grievance, he filed or

amended his administrative complaint three times, which included retaliation claims.  He

has demonstrated no hesitation in filing complaints, and accordingly does not need the

protection of an exception to the exhaustion rule.

An additional policy reason to waive exhaustion is based on the bureaucratic

nuisance of requiring parties to file administrative complaints every time they

experienced retaliation.  See, e.g., Keeley v. Small, 2003 U.S. Dist. LEXIS 26649, at *11

(D.D.C. Sept. 26, 2003) (quoting Gupta v. East Texas State Univ., 654 F.2d 411, 414 (5th

Cir. 1981)).  This concern is not implicated here.  Not only did plaintiff file additional

administrative complaints after his initial 1999 Informal Grievance, he amended his

complaint to include retaliation claims.

In sum, his subsequent filing of additional claims, including retaliation,

undermines the rationale for excusing his failure to exhaust.  Plaintiff fails to cite any

other justification for why he did not need to exhaust his retaliation claims, and

accordingly plaintiff's retaliation claims are dismissed.

## III.    Conclusion

For the foregoing reasons, an accompanying Order grants defendant's motion to

dismiss, and dismisses the plaintiff's amended complaint.


/s/

Louis F. Oberdorfer
UNITED STATES DISTRICT JUDGE

Dated: August 14, 2006